**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JAY D. GILBERT,<br><br>                               Plaintiff<br><br>vs.<br><br>BERMAN & RABIN, P.A. and<br>GREAT SOUTHERN BANK,<br>                               Defendants. | Case Number: __21-CV-02597__<br><br>Demand for Jury Trial |

**COMPLAINT**

COMES NOW Plaintiff Jay Gilbert, by and through counsel, and for Plaintiff's causes of action against Defendants states as follows:

1. Plaintiff is a Citizen of Kansas.

2. Defendant Berman & Rabin, P.A. ("Berman & Rabin") is a Kansas Professional Association.

3. At all times relevant hereto, Defendant Berman & Rabin, P.A. was and is engaged in the business of collecting consumer debts in Kansas.

4. Defendant Great Southern Bank ("Great Southern") is a Missouri Corporation.

5. This Court has concurrent jurisdiction over the Fair Debt Collection Practices Act under 15 USC §1692k(d).

6. On April 27, 2021, Great Southern Bank, represented by Berman & Rabin, P.A. filed case number 21LA02899 in the District Court of Johnson County, Kansas, Limited Actions Division, to collect on an alleged balance from Plaintiff for $19,366.97 in principal, plus interest as of April 22, 2021, for $8,923.06.

7. Attached to the first Petition in case number 21LA02899 was a Promissory Note to Englewood Development, as Borrower to Sun Security Bank, as Lender dated February 17, 2006, in the principal amount of $2,100,00.00.

8. At no time was Plaintiff was ever associated with Englewood Development or the contract attached to the first Petition.

9. Because Defendants filed suit against Plaintiff and Plaintiff was never associated with Englewood Development, Plaintiff retained counsel on May 27, 2021, to defend the lawsuit.

10. On June 9, 2021, Plaintiff Jay Gilbert (acting as Defendant in Case No. 21LA02899) filed his answer and affirmative defenses, notifying Berman & Rabin and Great Southern that Plaintiff was never associated with Englewood Development.

11. After discussion between counsel, Great Southern Bank and Berman & Rabin filed an Amended Petition on July 17, 2021.

12. In the Amended Petition, Great Southern Bank and Berman & Rabin replaced the original promissory note with a different Home Equity Line of Credit Agreement and Disclosure Line of Credit for up to $20,000.00 with Jay D Gilbert as Borrower and Teambank P.A. as lender.

13. After filing suit against Plaintiff Jay Gilbert using a contract to which Mr. Gilbert was not a party, Defendants amended their Petition against Plaintiff.

14. Without explanation for why Great Southern and Berman & Rabin asserted an irrelevant contract in their first Petition, the Amended Petition alleged that Defendant Great Southern Bank, not Teambank, had entered into a written promissory note; that Defendant Great Southern Bank had fully performed; and that Plaintiff had failed to pay

2

Defendant Great Southern Bank.

15. Attached to the Amended Petition was an affidavit by Corey Wolf, swearing under oath that Defendant Great Southern Bank, not Teambank, had entered into a written promissory note; that Defendant Great Southern Bank had fully performed; and that Mr. Gilbert had failed to pay Defendant Great Southern Bank.

16. In 2007, Plaintiff resided in Miami County, Kansas, at 33981 Harmony Road, Paola, KS 66071 ("Harmony Road residence").

17. On or about May 21, 2008, Plaintiff applied for a Home Equity Line of Credit ("HELOC") with a lender called Teambank N.A., at TeamBank in Paola, Kansas.

18. After a search of his personal records, Plaintiff did not recall any draws taken from the line of credit on the HELOC after the 2007 application.

19. Plaintiff does not have any record of draws taken from the line of credit on the HELOC after the 2007 application.

20. Between 2008 and 2009, Mr. Gilbert's former residence at Harmony Road was foreclosed upon by the first mortgage holder.

21. Even though Plaintiff is not aware of nor has any record of a draw from the HELOC line of credit, the line of credit would have ended in 2009, at the latest, by the foreclosure of the first mortgagor.

22. Even though Plaintiff is not aware of nor has any record of a draw from the HELOC line of credit, the last possible interest on the line of credit would have occurred in 2009.

23. On July 23, 2021, Plaintiff filed his Amended Answer and Affirmative Defenses, notifying Defendants that Plaintiff had never received funds from the agreement.

3

24. In his Amended Answer and Affirmative Defenses, Plaintiff notified Defendants Great Southern and Berman & Rabin that notwithstanding the fact Plaintiff had never received funds from the agreement, any claim would have been barred by the applicable statute of limitations.

25. On July 26, 2021, Mr. Gilbert served Defendant Great South Bank, through Defendant Berman & Rabin as counsel, with Requests for Admissions, Requests for Production of Documents, and Interrogatories demanding that Defendants admit issues pertinent to both Defendants' prosecution of matter 21LA02899 and Mr. Gilbert's defense.

26. On July 26, 2021, Mr. Gilbert served Defendants with Request for Admissions, Interrogatories, and Requests for Production to support the allegations made in the Amended Petition against Plaintiff.

27. On August 9, 2021, Mr. Gilbert responded to Defendants' written discovery previously served upon him.

28. Despite having responded to Great Southern and Berman & Rabin's discovery requests, Plaintiff did not receive a response to his July 26, 2021, discovery requests to Defendant Great Southern Bank.

29. Under K.S.A. §§ 61-3101, 61-3103, and 61-3106, Great Southern had fourteen (14) days to respond to Mr. Gilbert's Requests for Admission and Interrogatories, and thirty (30) days to respond to Mr. Gilbert's Requests for Production.

30. After filing suit against Plaintiff Jay Gilbert alleging breach of an irrelevant contract, amending their Petition against Plaintiff on a contract with no evidence of consideration which would have been time-barred in any event, Defendants ignored Mr. Gilbert's discovery requests.

31. On September 28, 2021, Mr. Gilbert filed a Motion for Summary Judgment based in part of Defendants' failure to respond to Requests for Admissions, which left uncontroverted Plaintiff's defenses of lack of consideration and time-barred collection of the alleged debt.

32. Mr. Gilbert's Motion for Summary Judgment sought an order of dismissal with prejudice based upon the previously admitted uncontroverted facts and any further relief the Court could grant.

33. Defendants Great Southern and Berman & Rabin were required to respond to Mr. Gilbert's Motion for Summary Judgment by October 18, 2021.

34. Defendants failed to respond to Plaintiff's Motion for Summary Judgment.

35. On November 10, 2021, Plaintiff filed a Notice of Non-Response to His Motion for Summary Judgment.

36. After filing suit against Plaintiff alleging a wrong contract, amending their Petition against Plaintiff on a contract with no evidence of consideration which would have been time-barred in any event, and ignoring Plaintiff's discovery requests, Defendants dismissed their case without prejudice.

37. Unbeknownst to Plaintiff, on November 19, 2021, Plaintiff Great Southern Bank, through its counsel of record Berman & Rain, P.A., requested dismissal without prejudice of its lawsuit.

38. The District Court granted that request on November 19, 2021.

39. After filing suit against Plaintiff alleging a wrong contract, amending the Petition on a contract with no evidence of consideration which would have been time-barred in any event, ignoring Plaintiff's discovery request, and ignoring Plaintiff's Motion

for Summary Judgment, Defendants, without any notice to Plaintiff and in an ex-parte manner, secured a dismissal without prejudice with the Court, in the opposite of Mr. Gilbert's prayer to secure a dismissal with prejudice in his uncontested Motion for Summary Judgment.

40. Plaintiff alleges the following deceptive conduct of Defendants.

   a. Filing a lawsuit based upon a contract to which Plaintiff was not a party;

   b. Continuing the prosecution by amending the petition to allege a contract with no evidence that a bargained-for consideration was ever exchanged;

   c. Continuing the prosecution by amending the petition to allege a contract despite the lack of evidence that the line of credit ever had a draw, any such draw would have been barred by the five-year statute limitations prescribed by Kan. Stat. Ann. § 60-511(1);

   d. Filing an Amended Petition containing a false affidavit that Plaintiff Great Southern Bank was a party to any contract with Plaintiff or performed anything regarding a contract with Plaintiff;

   e. Failing to respond to discovery served by Plaintiff to explain the above while refusing to cease prosecution at Plaintiff's expense;

   f. Failing to Respond to Summary Judgment Motion served by Plaintiff to explain the above while refusing to cease prosecution at Plaintiff's expense;

   g. Securing an ex-parte dismissal that would still allow the debt to be prosecuted in the future in contradiction to Plaintiff's remedy of a dismissal with prejudice based upon an uncontroverted dispositive motion.

## COUNT I:
## FAIR DEBT COLLECTION PRACTICES ACT

COMES NOW Plaintiff Jay Gilbert, and as for Count I against Defendant Berman & Rabin, P.A., states and alleges as follows:

41. Plaintiff incorporates herein the preceding paragraphs as though fully set forth hereunder.

6

42. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

43. Plaintiff is a consumer as defined by 15 USC §1692a(3) of the FDCPA.

44. Defendant Berman & Rabin, P.A.'s principal purpose is to collect consumer debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due to another.

45. Defendant Berman & Rabin, P.A. is a debt collector as defined by 15 USC §1692a(3) who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another or by taking of assignment of a debt already declared to be in default by the originating creditor.

46. Defendant Berman & Rabin, P.A. was attempting to collect a consumer debt as defined by 15 USC §1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

47. The standard in determining whether Defendant violated the FDCPA is the least sophisticated consumer standard. Claims should be viewed from a consumer whose circumstances make him relatively more susceptible to harassment, oppression, or abuse. *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 237 (2nd Cir. 1998); *Swanson v. Southern*

*Oregon Credit Service*, 869 F.2d 1222, 1225-27 (9th Cir. 1988); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172 -75 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991).

48. 15 U.S.C. §1692e entitled false or misleading representations states that a debt collector may not use any fraudulent, deceptive, or misleading representation or means in connection with the collection of any debt.

49. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The false representation of the character, amount, or legal status of any debt (15 U.S.C. §1692e(2)(A)); and the threat to take any action that cannot legally be taken or that is not intended to be taken (15 U.S.C. §1692e(5)); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer (15 U.S.C. §1692e(10)).

50. 5 U.S.C. §1692f entitled unfair practices states that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

51. Without limiting the general application of the foregoing, the following conduct is a violation of this section: the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law (15 U.S.C. §1692f(1)).

52. Defendant Berman & Rabin, P.A.'s acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

8

53. As a result of the above violations of the stated Act, Defendant Berman & Rabin, P.A. is liable to Plaintiff for actual damages; statutory damages up to $1,000.00 under 15 U.S.C. §1692k; costs and reasonable attorney's fees under 15 U.S.C. §1692k.

WHEREFORE, Plaintiff respectfully prays that judgment to be entered against Defendant Berman & Rabin, P.A. for actual damages; statutory damages under 15 U.S.C. §1692k; costs and reasonable attorney's fees under 15 U.S.C. §1692k; and for such other and further relief as may be just and proper.

## Count II:
## KANSAS CONSUMER PROTECTION ACT

COMES NOW Plaintiff, and for Count II against Defendants Berman & Rabin, P.A. and Great Southern Bank, states and alleges as follows:

54. Plaintiff hereby incorporates all other paragraphs herein.

55. This Court has jurisdiction under K.S.A. §50-601, *et seq*., the Kansas Consumer Protection Act ("KCPA").

56. Venue and personal jurisdiction are proper in this Court under K.S.A. §50-638(b) because Defendant has engaged in collection activities in Johnson County, Kansas.

57. Plaintiff is an individual within the meaning of the Kansas Consumer Protection Act.

58. Plaintiff is a consumer as defined by K.S.A. §50-624(b) (2001).

59. Defendants are suppliers as defined by K.S.A. §50-624(i) (2009) because they engage in or enforce consumer transactions.

60. The complained of transaction is a consumer transaction as defined by K.S.A. §50-624(c) (2011) in that it was for personal, family, or household purposes.

61. K.S.A §50-626 (2011) provides:

*(a)   No supplier shall engage in any deceptive act or practice in connection with a consumer transaction.*

62. K.S.A §50-626 (2009) provides a non-exhaustive list of deceptive practices, a few of which are:

*(b)   Deceptive acts and practices include, but are not limited to, the following, each of which is hereby declared to be a violation of this act, whether or not any consumer has in fact been misled:*

*(1)   Representations made knowingly or with reason to know that: (B) the supplier has a . . . status . . . that the supplier does not have…;*

*(3)   The willful failure to state a material fact, or the willful concealment, suppression or omission of a material fact . . . [.]*

*(8)   Falsely stating, knowingly or with reason to know, that a consumer transaction involves consumer . . . obligations.*

63. K.S.A §50-627 provides that *"(a) No supplier shall engage in any unconscionable act or practice in connection with a consumer transaction. An unconscionable act or practice violates this act whether it occurs before, during or after the transaction."*

64. K.S.A §50-627 provides that in determining whether an act or practice is unconscionable, the Court shall consider circumstances of which the supplier knew or had reason to know, such as, but not limited to the following that:

*(1)   The supplier took advantage of the inability of the consumer reasonably to protect the consumer's interests because of the consumer's physical infirmity, ignorance, illiteracy, inability to understand the language of an agreement or similar factor; and*

*(3)    the consumer was unable to receive a material benefit from the subject of the transaction;*

65. Defendants' acts and omissions violated K.S.A. §50-627 cited above and

10

were unconscionable acts under the Kansas Consumer Protection Act.

66. Defendants' acts and omissions were willful and were part of a pattern of deceptive and unconscionable acts and practices.

67. Each act or omission described above constitutes a separate violation of the Kansas Consumer Protection Act, K.S.A. §50-623, *et seq*.

68. Because of Defendants' deceptive acts, Plaintiff is an aggrieved consumer, has suffered loss and been harmed, has incurred actual damages, and has incurred attorneys' fees.

69. Under K.SA. §50-634(e)(1), Plaintiff is entitled to reasonable attorneys' fees against Defendants for prosecuting this action.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants and requests the Court:

a. Issue a declaratory judgment that Defendants have violated the Kansas Consumer Protection Act under K.S.A. §50-634(a)(1);

b. Award actual damages and restitution to Plaintiff;

c. If actual damages are less than $10,000.00, award statutory damages in an amount determined by the Court up to $10,000.00 per violation under K.S.A. §50-634(b) and K.S.A. §50-636 for every violation of the Kansas Consumer Protection Act;

d. Issue an injunction against Defendants precluding them from continuing the above-described conduct under K.S.A. §50-634(a)(2);

e. Award costs and reasonable attorneys' fees, under K.S.A. §50-634; and

  f. Such other and further relief as the Court deems just and equitable.

*Respectfully submitted,*

By: /s/ Matthew Robertson
Matthew Robertson #27254
Michael Rapp #25702
A.J. Stecklein #16330
Samuel Miller #28843
STECKLEIN & RAPP CHARTERED
748 Ann Avenue, Suite 101
Kansas City, KS 66101
Telephone: (913) 371-0727
Facsimile: (913) 371-0727
Email: msr@kcconsumerlawyer.com
   mr@kcconsumerlawyer.com
   aj@kcconsumerlawyer.com
   sm@kcconsumerlawyer.com
**Attorneys for Plaintiff**

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.

By: /s/ Matthew Robertson
Attorney for Plaintiff